## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SAVITRIE THOMSON<br>8204 Sandy Stream Rd<br>Laurel, MD 20723<br><br>*Plaintiff,*<br><br>v.<br><br>WILBUR ROSS, Secretary<br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Avenue, NW<br>Washington, DC 20230<br><br>and<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION<br>1305 East-West Highway/SSMC4/Station 7604<br>Silver Spring, MD 20910<br><br>Defendants, | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## FEDERAL COMPLAINT

Savitrie Thompson, by and through undersigned counsel, makes the following complaint under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on gender and retaliation and in violation of the Rehabilitation Act, 42 U.S.C. § 12101, et seq. Including discrimination and retaliation for her protected EEO activity. Ms. Thomson demands a trial by jury on all issues so triable.

## JURISDICTION, PARTIES, & EXHAUSTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.  Defendant, U.S. Department of Commerce is a United States Federal Agency, subject to the jurisdiction of this Court.

3.  Defendant National Oceanic and Atmospheric Administration ("NOAA") is a wholly owned United States Department of Commerce.

4.  The NOAA is located in Silver Spring, MD, within the physical jurisdiction of this Court.

5.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

6.  Thompson satisfied the administrative prerequisites for filing suit by contacting an EEO counselor on June 14, 2017.

7.  Regarding the aforesaid complaint, the Agency reference number is 54-2017-00184.

8.  Thomson filed another EEO complaint on or about April 16, 2018.

9.  Regarding the later complaint, the Agency reference number is 54-2018-00174.

10. With respect to Agency reference number is 54-2017-00184, Thomson received the Agency's final agency decision on February 28, 2019, and brings these claims herein within ninety days of when he received that decision.

11. With respect to the second claim, more than 180 days have passed since Plaintiff filed her second complaint.

12. Plaintiff has satisfied all administrative requirements and exhausted his administrative remedies before bringing this claim.

## FACTS

13. Plaintiff began working for NOAA as a Management Analyst 343, Band 4, in 2009.

14. Her immediate supervisor between 2013-2014, then again from May 2016 to all times relevant hereto was Bruce T. Gibbs.

15. Plaintiff's second line supervisor was David Holst, then Eric Locklear.

16. Plaintiff is a female.

17. Plaintiff suffers from dysfunctions/vertebral subluxations at the following levels C4/C5, C5/C6, L3/L4, L4/.L5, and L5/S1 in her spine.

18. As such, Plaintiff suffers from a disability.

19. Plaintiff suffers from a disability that impacts one or more major life activities, such as sitting, bending and walking.

20. On April 1, 2017, Plaintiff's telework was rescinded.

21. On April 13, 2017, Plaintiff was charged with eight hours of AWOL.

22. On April 14, 2017, Plaintiff was charged with eight hours of AWOL.

23. On or about April 28, 2017, Plaintiff was given a mid-year review which contained unjustified deficiencies.

24. In May, 2017, Plaintiff received an unjustified letter of reprimand.

25. On or about August 3, 2017, Plaintiff was taken off a flexible work schedule.

26. On or about August 30, 2017, Plaintiff was charged with AWOL.

27. In December 2017, Plaintiff was given an ineligible performance rating.

28. On or about January 29, 2018, Plaintiff complained about the loud noise around her cubicle. Her supervisor refused to stop the noise and told her to simply "work it out."

29. The aforesaid loud noise interfered with her ability to perform her job duties.

30. On or about March 9, 2018, Plaintiff's training requests were denied.

31. Plaintiff was charged with AWOL on March 29, 2018 and March 30, 2018.

32. Plaintiff was not provided a mid-year performance plan for 2018.

33. Plaintiff was not provided with a mid-year review in 2018.

34. In April, 2018, Plaintiff was denied an alternative work schedule.

35. In April, 2018, Plaintiff was denied medical treatment requests.

36. In April, 2018, Plaintiff was denied telework.

37. Plaintiff was denied being placed on an alternative work schedule or to be on a flexible work schedule.

## COUNT I – HOSTILE WORK ENVIRONMENT BASED ON DISABILITY

38. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

39. As per the above mentioned facts, Plaintiff was subjected to unwelcome harassment which was objectively and subjectively severe and pervasive to alter her terms and conditions of employment.

40. For example, a Performance Improvement Plan by itself is one step from termination.

41. Performance Improvement Plans are governed by 5 CFR 432.

42. A Performance Improvement Plan can serve as a detriment to a Federal employee obtaining a bonus.

43. A Performance Improvement Plan can serve as a detriment to a Federal employee being promoted.

44. Being given an ineligible rating also is detrimental to an employee's career path.

45. The denial of telework interferes with the conditions of employment for a disabled person.

46. The denial of telework also imposes additional conditions on Plaintiff that were not imposed on other employees similarly situated to her.

47. Repeatedly being charged with undeserved AWOL alters conditions of Plaintiff's employment with respect to the terms and conditions of her job.

48. Receiving performance plans with unjustified deficiencies also can affect an employee's career trajectory.

49. Receiving an unwarranted reprimand also affects an employee's career trajectory.

50. The hostile work environment began April, 2017 and was continuous through April, 2018.

51. Plaintiff's ability to perform her job duties was severely interfered with due to the harassment.

52. The unwelcome harassment was because of Plaintiff's actual disability.

53. Plaintiff was seriously limited in one or more major life activities.

54. Management perceived Plaintiff had a disability.

55. Management perceived the Plaintiff was limited in at least one major life activity.

56. Plaintiff was able to do the essential functions of her position despite her disability.

57. Management was aware of the hostile work environment and did not stop it.

58. Similarly situated employees who did not have this disability were not treated in the same manner as Plaintiff.

59. The reasons for the Agency's actions as listed above were untrue.

60. The true reason for the actions of Plaintiff's supervisory chain was due to discrimination.

61. Defendants violated the Rehabilitation Act.

62. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## COUNT II – HOSTILE WORK ENVIRONMENT BASED ON GENDER DISCRIMINTATION

63. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

64. The aforementioned hostile work environment was motivated by Plaintiff's gender.

65. Similarly situated male employees were not subject to the aforementioned actions against Plaintiff.

66.  The reasons for the Agency's actions as listed above were untrue.

67. The true reason for the actions of Plaintiff's supervisory chain was due to discrimination.

68. Defendants violated Title VII of 42 U.S.C. § 2000e *et seq.*

69. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## COUNT III – HOSTILE WORK ENVIRONMENT BASED ON TITLE VII RETALIATION

70. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

71. Plaintiff's supervisors first became aware of Plaintiff's EEO informal complaint in June or July, 2017.

72. All of the incidents listed above that occurred following management's awareness of Thompson's EEO Complaint were motivated by Plaintiff's gender.

73. Similarly situated male employees were not subject to the aforementioned actions against Plaintiff.

74. The reasons for the Agency's actions as listed above were untrue.

75. The true reason for the actions of Plaintiff's supervisory chain was motivated by retaliation.

76. The Equal Employment Opportunity Act of 1972, Pub. L. No. 92-261, Stat. 111 (1972), extended Title VII to cover Federal employment, adding a new section 717, codified at 42 U.S.C. § 2000e-16. The basic antidiscrimination standard for Federal employment is set forth at subsection (a), which broadly provides that personnel actions taken by Federal agencies "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

77. As such, retaliation with respect to federal employees does not have the "but for" standard with respect to Title VII.

78. Defendants violated Title VII of 42 U.S.C. § 2000e *et seq.*

79. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

### COUNT IV – HOSTILE WORK ENVIRONMENT BASED ON RETALIATION UNDER THE REHABILITATION ACT

80. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

81. Plaintiff's supervisors first became aware of Plaintiff's EEO informal complaint in June or July, 2017.

82. All of the incidents listed above that occurred following management's awareness of Thompson's EEO Complaint were because of Plaintiff engaged in protected activity of filing with the EEO office.

83. All of the incidents listed above that occurred following management's awareness of Thompson's EEO Complaint were because of Plaintiff engaged in protected activity of filing with the EEO office and/or asking for reasonable accommodation.

84. Similarly situated male employees were not subject to the aforementioned actions against Plaintiff.

85.  The reasons for the Agency's actions as listed above were untrue.

86. The true reason for the actions of Plaintiff's supervisory chain was motivated by retaliation.

87. Defendants violated the Rehabilitation Act.

88. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## COUNT V – INDIVIDUAL DISCRIMINATORY ACTS DUE TO DISABILITY

89. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

90. Plaintiff being issued a written reprimand is an individual act of discrimination.

91. Plaintiff being charged with AWOL on August 30, 2017, is an individual act of discrimination.

92. Plaintiff being taken off a flexible work schedule is an individual act of discrimination.

93. Denying training requests is an individual act of discrimination

94. Putting Plaintiff on AWOL March 29 and March 30, 2019 is an individual act of discrimination.

95. Not providing Plaintiff with a Performance Plan or Mid-year review are individual acts of discrimination.

96. Not granting telework is an individual act of discrimination.

97. Not being allowed to be on alternative work schedule is an individual act of discrimination.

98. Each of these discriminatory acts was because of Plaintiff's disability.

99. Similarly situated non-disabled employees were not subject to the aforementioned actions against Plaintiff.

100.    The reasons for the Agency's actions as listed above were untrue.

101.    The true reason for the actions of Plaintiff's supervisory chain was because of Plaintiff's disability.

102.    Defendants violated the Rehabilitation Act.

103.    Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## COUNT VI – INDIVIDUAL DISCRIMINATORY ACTS BASED ON GENDER DISCRIMINATION

103A. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

104.    Plaintiff being issued a written reprimand is an individual act of discrimination.

105.    Plaintiff being charged with AWOL on August 30, 2017, is an individual act of discrimination.

106.    Plaintiff being taken off a flexible work schedule is an individual act of discrimination.

107.    Denying training requests is an individual act of discrimination

108.    Putting Plaintiff on AWOL March 29 and March 30, 2019 is an individual act of discrimination.

109.    Not providing Plaintiff with a Performance Plan or Mid-year review are individual acts of discrimination.

110.    Not granting telework is an individual act of discrimination.

111.    Not being allowed to be on alternative work schedule is an individual act of discrimination.

112.    Each of these discriminatory acts was because of Plaintiff's disability.

113.    Similarly situated male employees were not subject to the aforementioned actions against Plaintiff.

114.    The reasons for the Agency's actions as listed above were untrue.

115.    The true reasons for the actions of Plaintiff's supervisory chain were motivated by gender based discrimination.

116.    Defendants violated VII, 42 U.S.C. § 2000e *et seq.*

117.    Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## COUNT VII – INDIVIDUAL DISCRIMINATORY ACTS BASED ON TITLE
## VII RETALIATION

117A. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

118.   Plaintiff being issued a written reprimand is an individual act of retaliation.

119.   Plaintiff being charged with AWOL on August 30, 2017, is an individual act of retaliation.

120.   Plaintiff being taken off a flexible work schedule is an individual act of retaliation.

121.   Denying training requests is an individual act of retaliation.

122.   Putting Plaintiff on AWOL March 29 and March 30, 2019 is an individual act of retaliation.

123.   Not providing Plaintiff with a Performance Plan or Mid-year review are individual acts of retaliation.

124.   Not granting telework is an individual act of retaliation.

125.   Not being allowed to be on alternative work schedule is an individual act of retaliation.

126.   Each of these discriminatory acts was because of Plaintiff's protected EEO activity.

127.   Similarly situated employees who didn't engage in EEO protected activity were not subject to the aforementioned actions against Plaintiff.

128.    The reasons for the Agency's actions as listed above were untrue.

129.   The true reasons for the actions of Plaintiff's supervisory chain were motivated by retaliation.

130.    Defendants violated VII, 42 U.S.C. § 2000e *et seq.*

131.    Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

### COUNT VII – INDIVIDUAL DISCRIMINATORY ACTS BASED ON THE REHABILITATION ACT

131A. Plaintiff Thomson incorporates by reference all preceding paragraphs herein.

132.    Plaintiff being issued a written reprimand is an individual act of retaliation.

133.    Plaintiff being charged with AWOL on August 30, 2017, is an individual act of retaliation.

134.    Plaintiff being taken off a flexible work schedule is an individual act of retaliation.

135.    Denying training requests is an individual act of retaliation.

136.    Putting Plaintiff on AWOL March 29 and March 30, 2019 is an individual act of retaliation.

137.    Not providing Plaintiff with a Performance Plan or Mid-year review are individual acts of retaliation.

138.    Not granting telework is an individual act of retaliation.

139.    Not being allowed to be on alternative work schedule is an individual act of retaliation.

140.    Each of these discriminatory acts was because of Plaintiff's protected EEO activity.

141.     Similarly situated employees who didn't engage in EEO protected activity were not subject to the aforementioned actions against Plaintiff.

142.     The reasons for the Agency's actions as listed above were untrue.

143.     The true reasons for the actions of Plaintiff's supervisory chain were motivated by retaliation.

144.     Defendants violated the Rehabilitation Act.

145.     Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other economic and compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Agency as follows:

A.   That the Court order the Agency to pay  economic and compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, damages for emotional distress and pain and suffering, according to proof allowed by law;

B.   That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

C.   That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

D.   That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees;

E.   That the Court grant Plaintiff an award of prejudgment and post-judgment interest;

F.   That the Court grant Plaintiff a jury trial; and

G.   That the Court grant Plaintiff all other relief the Court deems just and proper.

*Morris E. Fischer, Esq.*

Morris E. Fischer, Esq.
Morris E. Fischer, LLC
8720 Georgia Avenue, Suite 210
Silver Spring, MD 20910
301- 328-7631 Office
301- 328-7638 Fax
Attorney for Plaintiff

## JURY DEMAND

The plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 29, 2019                              *Morris E. Fischer, Esq.*

Morris E. Fischer, Esq.
Morris E. Fischer, LLC
8720 Georgia Avenue, Suite 210
Silver Spring, MD 20910
301- 328-7631 Office
301- 328-7638 Fax
Attorney for Plaintiff