IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAVITRIE THOMSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. SAG-19-1582 |
| | * |
| WILBER ROSS, SECRETARY U.S. DEP'T | * |
| OF COMMERCE, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

************

## MEMORANDUM OPINION

THIS MATTER concerns a suit by Savitrie Thomson ("Plaintiff") against her employer, alleging discrimination and retaliation in violation of federal law. United States Secretary of Commerce Wilbur Ross and the National Oceanic and Atmospheric Administration (collectively, "Defendants") filed a Motion to Dismiss or, alternatively, for Summary Judgment. ECF 13. In response to the Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint, ECF 22, which Defendants have opposed, ECF 26. Plaintiff filed a Reply to the opposition, ECF 32, and also filed a separate opposition to the Motion to Dismiss, ECF 23. The Motion to Dismiss and the Motion to Amend the Complaint are now ripe for adjudication, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons explained below, Defendants' Motion to Dismiss or, alternatively, for Summary Judgment, ECF 13, will be DENIED, and Plaintiff's Motion to Amend will be GRANTED.

### I.   FACTUAL BACKGROUND

Plaintiff started working for the National Oceanic and Atmospheric Administration ("NOAA") as a Management Analyst in 2009. ECF 22-2 ¶ 13.[1] As a GS-14 Management Analyst,

---

[1] The facts are derived from Plaintiff's proposed Amended Complaint at ECF 22-2.

she was responsible for overseeing three $9.9 million dollar contracts. *Id.* ¶ 14. Plaintiff suffers from dysfunctions/vertebral subluxation in her spine, a disability that impairs her ability to sit, bend, walk, and perform other major life activities. *Id.* ¶ 17–19. Because of this spinal issue, Plaintiff requested and was approved for telework. She submitted the requested accommodation on September 14, 2016, *id.* ¶ 37, and it was granted shortly thereafter, *id.* ¶ 40. Although Plaintiff teleworked pursuant to the accommodation for multiple months, the telework agreement was rescinded on April 12, 2017. *Id.* ¶ 20.

In addition to revoking Plaintiff's teleworking privileges, Plaintiff's supervisors took a number of disciplinary actions against her that were, in Plaintiff's view, unjustified. For example, on April 14, 2017, Defendants charged Plaintiff with eight hours of "Absent without Leave" or "AWOL." *Id.* ¶ 22. Although Defendants contend that Plaintiff had deficient medical documentation, in actuality, Plaintiff's 12-year-old daughter was ill, which necessitated her absence from work. *Id.* ¶ 22. As a second example, in May, 2017, Plaintiff received an unwarranted letter of reprimand. *Id.* ¶ 24. The letter erroneously accused Plaintiff of misusing her leave on April 13 and April 14, and Defendants leveraged this letter to alter the conditions of Plaintiff's employment. *Id.*

Several months later, in August, 2017, Defendants took Plaintiff off of a flexible work schedule and, moreover, charged her with AWOL once again. *Id.* ¶ 25–26. In December, 2017, Plaintiff was given an "ineligible performance rating," based on Plaintiff's purported failure to complete an assignment. *Id.* ¶ 27. However, the assignment, *i.e.*, the drafting of a memorandum, could not be completed because Plaintiff was never given any guidance on the specific task. *See id.*

In March, 2018, Plaintiff's training requests were denied, which caused her to lose certain certifications. *See id.* ¶ 29. Defendants' hostility, in Plaintiff's view, persisted throughout 2018. For example, Defendants again charged Plaintiff with AWOL in March, 2018, and denied her request to telework the following month. *Id.* ¶ 30, 35. With regard to performance evaluations, Plaintiff was not given a mid-year performance plan for 2018, nor was she provided with a mid-year review. *Id.* ¶ 31, 32.

Plaintiff alleges that Defendants have consistently failed in their obligation to accommodate her disability. Namely, Defendants' stated reasons for rescinding the telework agreement are false, and any perceived attendance issues were insufficient to warrant removal of the reasonable accommodation. *See id.* ¶ 45, 49. Plaintiff filed two administrative complaints with the EEO — one on June 14, 2017, and a second on April 16, 2018 — alleging discrimination and retaliation. *See id.* ¶ 6, 8. Plaintiff contends that the discrimination, primarily the failure to accommodate her disability, continued throughout the administrative process and persists to today. *Id.* ¶ 65.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts]

in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, before a court may convert a motion to dismiss into one for summary judgment, the opposing party must be afforded reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *See id.*

**III.    ANALYSIS**

In the proposed amended Complaint, Plaintiff has reduced her claims to three counts: discrimination based on disability (Count I), retaliation (Count II), and failure to accommodate a disability (Count III). ECF 22-2. Defendants contend that the proposed amendments have not cured the infirmities in the original Complaint, and, as a result, they continue to move for dismissal or, in the alternative, for summary judgment. *See generally* ECF 26. As an initial matter, the Court

declines to convert this Motion into one for summary judgment. Plaintiff supplied a Rule 56(d) affidavit, in which counsel cogently identified the information that Plaintiff will seek if permitted to engage in discovery. *See* ECF 22-8. For instance, to establish that Plaintiff was unfairly disciplined because of her disability, she will need access to the time and attendance records for comparable employees, *i.e.*, those with similar absences and other employment issues during the same period. *See id.* at 1–2. More broadly, Plaintiff will seek access to all communications between herself and others at the agency, including her supervisors, regarding her requests for accommodation. *Id.* at 3. Defendants have not shown that obtaining this information would be futile with respect to Plaintiff's efforts to substantiate her claims. Accordingly, the Court will address each Count below, while accepting the allegations in the amended Complaint as true.

   A.  **Count I – Discrimination based on Disability**

The first Count asserts disability discrimination in violation of the Rehabilitation Act. ECF 22-2 at 10.  In opposition, Defendants contend that (1) Plaintiff has failed to articulate an "adverse employment action" under established case law, and (2) the claim is untimely. With regard to the former, an adverse employment action is "a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). In *Rock v. McHugh*, cited by Defendants, the plaintiff was terminated from a position with the United States Army research laboratory in Adelphi, Maryland. 810 F. Supp. 2d 456, 461 (D. Md. 2011). The plaintiff alleged, *inter alia*, that he suffered an adverse employment action when the defendant placed him on AWOL, issued an unjustified performance improvement plan, and placed him on leave restriction. *Id.* at 470. The Court disagreed, and found that these actions did not constitute adverse employment actions. *Id.* (collecting cases). Notably, however, the Court provided an important caveat: "Plaintiff cites no precedent to support his

contention that these actions, aside from his actual termination, in any way negatively affected the terms or conditions of his employment." *Id.* In this case, Plaintiff claims that placement on AWOL status caused her to be denied wages.[2] ECF 22-2 ¶ 75 ("AWOL is a tangible loss because Plaintiff loses pay or other accumulated time."). Indeed, in *Merrill v. McCarthy*, 184 F. Supp. 3d 221 (E.D.N.C. 2016), the Court found that placement on AWOL status was an adverse employment action because it "resulted in plaintiff not receiving pay for one week." *Id.* at 243. The reduction of Plaintiff's pay, if indeed true, would be the paradigmatic example of discriminatory conduct, if Defendant took this action because of Plaintiff's disability.[3]

Next, Defendants contend that Plaintiff failed to contact an EEO counselor within 45 days of the alleged acts of discrimination, as mandated by 29 C.F.R. § 1614.105(a)(1). *See Kirkland v. Mabus*, 206 F. Supp. 3d 1073, 1080 (E.D. Va. 2016) (explaining that plaintiffs raising Title VII and Rehabilitation Act claims "must exhaust their available administrative remedies before pursuing an action in federal court"). Plaintiff appears to concede that some of the discrete incidents of discrimination were not properly exhausted. *See* ECF 32 at 4 (stating that the failure to exhaust "might be true for those claims stemming from discrete incidents"). However, "Claims advanced in a complaint are exhausted if 'reasonably related' to the administrative charge and 'can be expected to follow from a reasonable administrative investigation.'" *Palmer v. W&T Travel Servs., LLC*, 2020 WL 2467322, at *2 (D. Md. May 13, 2020) (quoting *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012)). Here, Plaintiff's administrative complaint stated that she received a performance plan that included unwarranted "deficiencies" in her performance. *See*

---

[2] To be sure, Defendants may show, during the discovery process, that placement on AWOL status neither delayed, nor altered, Plaintiff's wages.

[3] Because the Court has found at least one viable adverse employment action, it need not decide at this time whether denial of teleworking, in this context, could legally constitute an adverse employment action.

7

ECF 13-2 at 2. In the present action, Plaintiff alleges that Defendants relied on these purported deficiencies when they forced her to perform work outside of her position description. Accordingly, it is plausible that this allegation of discrimination is reasonably related to the underlying administrative complaint.

### B. Count II – Retaliation

Plaintiff's second Count alleges Retaliation in violation of Title VII of the Civil Rights Act of 1964. ECF 22-2 at 11–12. To establish a prima facie case of retaliation, a plaintiff must demonstrate that she (1) engaged in protected conduct; (2) her employer took an adverse employment action against her; and (3) the protected conduct was causally connected to the adverse action. *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). Defendants challenge only element two, arguing, similar to above, that the "Retaliation claim fails because no adverse action [is] alleged." ECF 26 at 10. To demonstrate that the employer took an "adverse employment action," "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Wells v. Gates*, 336 F. App'x 378, 383 (4th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Here, the amended Complaint alleges conduct that satisfies the *Burlington* standard. Plaintiff alleges that Defendants not only denied reasonable accommodations related to her disability, but also took unrelated disciplinary actions in order to impede her professional advancement. For example, Plaintiff alleges that Defendants denied her a flexible work schedule, and prevented her from teleworking. *E.g.* ECF 22-2 ¶¶ 25, 35. Additionally, Plaintiff claims that Defendants took other steps, including denying training opportunities, refusing medical treatment requests, and placing her on "AWOL" status. *E.g.* ECF 22-2 ¶¶ 29, 30. Taking these allegations as

true, then this panoply of actions, if undertaken as a result of concededly protected activity, would dissuade a reasonable person from complaining about disability discrimination.

### C. Count III – Failure to Accommodate

Finally, Count III consists of a claim that Defendants failed to provide a reasonable accommodation, in violation of the Rehabilitation Act. ECF 22-2 at 12. Meanwhile, Defendants argue, once again, that Plaintiff failed to properly exhaust her claim. ECF 26 at 11–13. Both parties agree that a plaintiff need not explicitly pursue her claim in the administrative process, but rather a judicial complaint should be "expected to follow from a reasonable administrative investigation." *See Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012); *see also* ECF 26 at 12 (conceding "the claims need not be precisely the same").

Here, Plaintiff has made a plausible case that the failure to accommodate claim is "reasonably related," *Sydnor*, 681 F.3d at 595, to her EEO complaints.[4] In fact, in the second EEO Complaint, Plaintiff specifically identified the lack of a reasonable accommodation as the very first item. ECF 13-31 at 2 ("Despite requesting reasonable accommodation in December 2017, she has not been provided with reasonable accommodation."). Additionally, Plaintiff repeated her assertions about the lack of an accommodation later in the same EEO Complaint. *Id.* at 8. While Defendants suggest that there is a discrepancy between the timeframe articulated in Plaintiff's EEO Complaint and the timeframe referenced in this action, Plaintiff alleges that the failure to accommodate has been an "ongoing" violation. Thus, Plaintiff has plausibly alleged that Defendants failed to allow teleworking — and a flexible work schedule — before, during, and after the administrative EEO process.

---

[4] Without converting the Motion into one for Summary Judgment, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Srvcs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

### D. Summary

As explained above, Defendants' contentions — with respect to the Amended Complaint — lack merit at this stage. Therefore, Defendants have not established that Plaintiff's proposed amendments would be futile. *See Miller v. Md. Dep't. of Nat. Resources*, 2020 WL 3127788, at *9 (4th Cir. June 12, 2020) ("[A] district court may deny leave to amend 'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'") (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss or, alternatively, for Summary Judgment, ECF 13, is DENIED. Plaintiff's Motion to Amend the Complaint, ECF 22, is GRANTED. A separate Order follows.

Dated: June 23, 2020

/s/
Stephanie A. Gallagher
United States District Judge